UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERWIN GRAMPP, derivatively on behalf of JBI, INC.,<br>    Plaintiff,<br><br>    v.<br><br>JOHN BORDYNUIK and RONALD C. BALDWIN, JR.,<br>    Defendants. | Civ. A. No. 13-11906-MLW |

ORDER

WOLF, D.J.                                                                          June 21, 2014

Plaintiff Erwin Grampp brought this derivative suit on behalf of JBI, Inc. on August 9, 2013, alleging breaches of fiduciary duties by defendants John Bordynuik and Ronald C. Baldwin, Jr. Defendants have filed a motion to dismiss on various grounds, which Grampp has opposed and which has not yet been decided. Grampp subsequently filed a motion to amend his complaint, which defendants oppose.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The First Circuit has explained that "[a] motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed." Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004). In the instant case, leave to amend was sought at an early stage of the proceedings, before the court decided defendants' motion to dismiss and before a Scheduling Order was

issued. See id. Leave to amend should, therefore, be granted "[u]nless there appears to be an adequate reason (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice)." Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 628 (1st Cir. 2000) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 622 (1st Cir. 1996)). Defendants argue that leave to amend should be denied because Grampp's amended complaint will be subject to dismissal. However, the court will be better able to decide whether the amendment is futile based upon a motion to dismiss the amended complaint.

Accordingly, it is hereby ORDERED that:

1. Grampp's Motion for Leave to File an Amended Complaint (Docket No. 32) is ALLOWED. The amended complaint shall be filed by June 30, 2014.

2. Defendants shall either answer the amended complaint or move to dismiss it by July 28, 2014. If defendants move to dismiss the amended complaint, Grampp shall respond to that motion by August 22, 2014. Any reply shall be filed by September 12, 2014. If necessary, a hearing and, if the motion to dismiss is not allowed, a scheduling conference will be held on October 29, 2014, at 2:30 p.m. The parties shall comply with the attached Notice concerning the scheduling conference.

3. Defendants' Motion to Dismiss (Docket No. 15) is MOOT.

2

4. Grampp's Unopposed Motion for Leave to File Reply Memorandum (Docket No. 44) is MOOT.

5. Nominal defendant JBI, Inc.'s Unopposed Motion to Extend Time for Filing Its Answer (Docket No. 9) is ALLOWED.

6. The Joint Motion to Postpone Consideration of Personal Jurisdiction Issues Pending Resolution of Other Grounds for Dismissal (Docket No. 16) is MOOT in part, but is ALLOWED insofar as:

a) The court will address Baldwin's argument concerning personal jurisdiction, if necessary, after deciding any other arguments for dismissal that may be presented in a motion to dismiss filed pursuant to ¶2 hereinabove.

b) Discovery shall be stayed in the limited manner agreed to by the parties.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE

3