UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ERWIN GRAMPP, derivatively on behalf of
JBI, INC.,

      Plaintiff,

vs.

JOHN BORDYNUIK and
RONALD C. BALDWIN,

      Defendants,

   and

JBI, INC.,
      Nominal Defendant.

Civil Action No.: 1:13-cv-11906-MLW

---

### INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
### VERIFIED AMENDED SHAREHOLDER DERIVATIVE COMPLAINT

Individual Defendants John Bordynuik and Ronald Baldwin move to dismiss Plaintiff's Verified Amended Shareholder Derivative Complaint, pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), 12(b)(6) and 23.1(a) and (b). The amended complaint asserts a single cause of action for breach of fiduciary duty against JBI, Inc.'s former chief executive officer (Bordynuik) and former chief financial officer (Baldwin). It should be dismissed for the following reasons:

1.    The amended complaint fails to comply with Rule 23.1(b)'s pleading requirement that a derivative complaint state with particularity plaintiff's effort to obtain the desired action from the board of directors or the reasons for not doing so. By failing to allege that the directors of "the board in place at the time when the amended complaint is filed" are not disinterested and independent, Plaintiff has failed to "plead particularized facts which demonstrate demand

1

futility," as required by *Braddock v. Zimmerman*, 906 A.2d 776, 786 (Del. 2006), *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984), and *Shoen v. SAC Holding Corp.*, 137 P.3d 1171, 1180 (Nev. 2006). As to the former Board members, Plaintiff fails to adequately allege particularized facts that demonstrate that a majority of the board is interested in, or lacks independence as to, the challenged transaction, or that there exists a reasonable doubt that the challenged transaction was a valid exercise of business judgment. *Gonzalez Turul v. Rogatol Ditrib., Inc.*, 951 F.2d 1 (1st Cir. 1991).

2. The amended complaint fails to comply with Fed. R. Civ. P. 23.1(a). Plaintiff does not fairly and adequately represent the interest of shareholders on whose behalf Plaintiff purportedly brings this suit because:

  a. Plaintiff is apparently so unfamiliar with significant corporate events (i.e., the complete change of JBI's board of directors shortly after the original complaint was filed) that he permitted the filing of a defective amended complaint that contains *no* demand-futility allegations against the *current* board.

  b. Plaintiff's other entanglements with JBI, including his employment by JBI's competitor, whose principal is involved in litigation adverse to JBI and Pak-It, undermine his ability to impartially represent shareholders.

  c. Plaintiff's "infinitesimally small" share ownership -- worth approximately $10.00 -- undermines his ability to adequately represent absent shareholders in this derivative litigation.

3. The amended complaint fails to comply with Fed. R. Civ. P. 23.1(b)(1) because Plaintiff was not "a shareholder … at the time of the transaction complained of" because he did

not acquire JBI shares until after the "activities that constitute the primary basis of the complaint." *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 298 (2d Cir. 2003).

4. The amended complaint fails to state a claim upon which relief can be granted, as required by Fed. R. Civ. P. 12(b)(6). Drafted as a single count, Plaintiff has actually raised two claims. But Plaintiff's claim for "improper accounting" of the Media Credits is time-barred and Plaintiff's claim for "falsehoods about … the P2O process" fails to allege an essential element of the claim – i.e., damages caused by such "falsehoods."

5. The amended complaint fails to comply with Fed. R. Civ. P. 9(b) by generically alleging that Bordynuik made "falsehoods about … the P2O process" without providing particular allegations to support how and why the representations were fraudulent. Plaintiff also fails to plead with particularity that Baldwin engaged in "intentional misconduct, fraud, or a knowing violation of the law," as required by Nevada Statute § 78.138(7).

6. Pursuant to Fed. R. Civ. P. 12(b)(2), all claims against Baldwin should be dismissed because this Court lacks personal jurisdiction over him. But consistent with this Court's June 23, 2104 Order, Defendants will reserve this argument until after the Court has addressed the "other arguments for dismissal that may be presented in a motion to dismiss …."

WHEREFORE, Individual Defendants move the Court to dismiss Plaintiff's Verified Amended Shareholder Derivative Complaint, with prejudice.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Individual Defendants respectfully request oral argument on this motion.

Respectfully submitted this 28th day of July 2014,

/s/ John G. Wheatley
John G. Wheatley, BBO #670989
Matthew C. Welnicki, BBO #647104
MELICK & PORTER, LLP
One Liberty Square, 7th Floor
Boston, MA 02109
(617) 523-6200
jwheatley@melicklaw.com
mwelnicki@melicklaw.com

Michael R. MacPhail
Katherine W. Wittenberg
FAEGRE BAKER DANIELS LLP
1700 Lincoln Street Suite 3200
Wells Fargo Center
Denver, CO 80202
303-607-3692
Michael.MacPhail@FaegreBD.com
Katherine.Wittenberg@FaegreBD.com

*Counsel for John Bordynuik and Ronald C. Baldwin*

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I hereby certify that I conferred with opposing counsel on July 23, 2014 in a good faith attempt to resolve or narrow the issues presented by this motion.

/s/ John G. Wheatley

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first class mail to those indicated as non-registered participants on July 28, 2014.

/s/ John G. Wheatley